UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HUMBERT J. RUSSO,<br>Plaintiff,<br><br>v.<br><br>NANCY BERRYHILL,<br>Acting Commissioner,<br>Social Security Administration,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 17-515-JJM-PAS |

## ORDER

Plaintiff Humberto J. Russo is 64 years old and suffers from chronic pain because of severe degenerative disc disease. Previously, he had worked as a regional sales representative and as a corporate manager in the jewelry industry. He applied for Disability Insurance Benefits under Title II of the Social Security Act but was denied and now appeals. The Administrative Law Judge ("ALJ") determined that Mr. Russo was not disabled at Step Four–residual function capacity ("RFC").

Mr. Russo raises a singular point of error, which does not require extensive recitation of the facts or much legal analysis.

Dr. Stephen G. McCloy, an occupational medicine physician, reviewed Mr. Russo's entire medical record that spanned from 2012 through 2016. In September 2016, he conducted a complete physical examination of Mr. Russo. Dr. McCloy opined that Mr. Russo's ability to stand, sit, walk, use his upper right extremities, and use foot controls is very limited. He opined that Mr. Russo should only sometimes be exposed to unprotected heights, moving machinery, noise, vibration, dust fumes, and

gas. Dr. McCloy concluded that Mr. Russo's need to pace often and move about during the day would be barriers to regular employment. He also opined that Mr. Russo's chronic pain was disabling and interfered with his concentration and ability to seek and maintain work.

The ALJ decision ignores Dr. McCoy's opinion. There is no mention of it at all in the ALJ's decision.[1] Ignoring the opinion was legal error and caused the ALJ's decision to lack substantial evidence, making a remand necessary. *Nguyen v. Chater*, 172 F.3d 31, 35-36 (1st Cir. 1999). Because Dr. McCoy's opinion was based on the entire record and was the only evidence in the record of RFC, "by disregarding the only residual functional capacity evaluation in the record, the ALJ in effect has substituted [her] own judgment for uncontroverted medical opinion. This [she] may not do." *Rosado v. Secretary of Health and Human Services*, 807 F.2d 292, 293–94 (1st Cir. 1986).[2]

For these reasons, the Court holds that the ALJ's decision was not based on substantial evidence because it failed to consider adequately and weigh Dr. McCloy's expert medical opinion. The Court thus GRANTS Mr. Russo's Motion to Reverse (ECF No. 13) and DENIES the Commissioner's Motion for an Order Affirming the

---

[1] The Commissioner concedes that the ALJ did not consider the medical opinion of Dr. McCoy. ECF No. 14-1 at 6.

[2] The Commissioner's argument that the ALJ could ignore Dr. McCoy's opinion because it was belated is not well taken. Dr. McCoy examined Mr. Russo after his last insured date. However, he reviewed Mr. Russo's entire medical and work record starting before his date of last insured and then he offered his opinion about the applicable period. This timing does not justify the ALJ ignoring his opinion.

Decision. ECF No. 14. The Court remands this matter for reconsideration consistent with this Order.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

April 24, 2018